## Cleveland, C. C. & St.L. Ry. Co. v. Walter S. Hobbie.

1. FREEHOLD—*When it is Not Involved.*—A freehold is not involved in a suit in equity to compel a railroad company to erect and maintain a farm crossing.

2. PARTIES—*In Proceedings to Compel Railroad Company to Erect a Farm Crossing.*—In a proceeding to compel a railroad company to erect and maintain a farm crossing, pursuant to a reservation in a deed of the right of way, the persons whose rights are affected by the failure of the railroad company to erect and maintain the crossing are the only necessary parties.

3. RAILROADS—*Duty to Maintain Farm Crossings.*—A railroad company occupying a right of way under a conveyance conditioned for the erection and maintenance of a farm crossing, can not avoid its duty on the ground that, since such conveyance and reservation was made, it has made such changes in its tracks, etc., that the erection and maintenance of such crossing would be a great embarrassment to it in operating its road.

Bill to Compel a Railroad Company to Erect and Maintain a Farm Crossing.—Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

### STATEMENT OF THE CASE.

This was a suit in equity by appellee to compel appellant to erect and maintain a crossing over its tracks at or near the city of Kankakee.

The bill charged that appellee was the owner of eighty-four acres of land in the southeast quarter of section thirty-three in township number thirty-one north of range twelve, east of the third P. M., in Kankakee county, Illinois, and that on the 3d day of August, 1885, Walter S. Hobbie et ux.,

Isaac R. Hobbie et ux., and Frances L. Hobbie, the owners of said land, and the fractional southwest quarter of said sections (excepting nineteen acres off of the north end thereof) in consideration of $1,033, conveyed a strip of land over these lands to the Cincinnati, Lafayette & Chicago Railroad Company, adjoining the right of way of the said railroad, it being a strip over 1,500 feet in length, and two hundred feet wide, and extending from Court street on the east and south end and to Hobbie street or avenue on the west side.   This conveyance was made subject to a condition that the railroad company, its successors and assigns, should construct and " forever maintain for the use and benefit of said Frances L. Hobbie, Isaac R. Hobbie and Walter S. Hobbie," and their heirs and assigns and the heirs and assigns of each of them, a farm crossing on the west side of said southeast quarter at a point where a farm crossing then existed.   It charged that several tracks were built over this point of crossing in 1892, and extended east and south to near Court street, but that this crossing had never been made over these tracks, although appellee had applied to appellant to make the crossing.   It charged that appellee had purchased of said Frances L. Hobbie and Isaac R. Hobbie, their interests in the land mentioned in the bill, and that the interest of his lands and business required that he should have the crossing.   It charged that the appellant was the successor and assign of the said Cincinnati, Lafayette & Chicago R. R. Co., and had in some way acquired all the rights, title and interest in said right of way and property of said last named railroad, and that said appellant is the owner of said railroad.   The appellant, in answering said bill, denied that it was either the successor or assign of said C., L. & C. Railroad Company, or owned its property, and denied that it exclusively operated the road, and claimed it was only operating conjointly with the C., L. & C. R. R. Co., and that it had not put in these tracks, and that they were put in by the C., L. & C. R. R. Co., and that appellee had not applied to said C., L. & C. R. R. Co., or appellant, to put in said crossing, and had not put it in himself.   It

set up that it was a dangerous place to put in a farm cross-
ing.   That it could not be used as a farm crossing without
great danger, and that a safe and convenient place to put in
this farm crossing would be at the head of these switches
and north of Court street, on the land of appellee, and of-
fered to put it in there, and that the duty the appellant
owed the public as a common carrier, required it to use
these tracks, which were being constantly used in switching
the cars of the company in this business; and the interest
and duty of the company, as a common carrier, and the
safety of the appellee, required this change to be made.   It
appeared in the evidence that Frances L. Hobbie and Isaac
R. Hobbie et ux. quit-claimed their interest in the south-
east quarter of Sec. 33, T. 31 N., R. 12 E., to Walter Hob-
bie, the appellee.   It also appeared in evidence that Frances
L. Hobbie quit-claimed to Walter S. Hobbie and Isaac R.
Hobbie, the southwest fractional quarter of Sec. 33 (ex-
cepting nineteen acres off the north end aforesaid, and said
right of way), containing forty-four acres and subject to the
right of said Frances to the occupancy of the dwelling, and
to a life annuity in May Clark.   And that Isaac R. Hobbie
et ux. quit-claimed their interest in lots 2, 3, 4 and 5, in Hob-
bie's subdivision of the south part of the southwest frac-
tional quarter aforesaid to said appellee.

Upon the hearing the court rendered a decree requiring
appellant to erect and maintain the crossing and to abstain
from obstructing it.

THOMAS P. BONFIELD, attorney for appellant.

W. R. HUNTER, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

With the case was taken appellee's motion to dismiss the
appeal for want of jurisdiction.   The motion is founded
upon the claim that a freehold is involved and that the ap-
peal should have gone to the Supreme Court.

We do not think a freehold is involved and for that rea-
son the motion to dismiss is overruled.

The subject-matter of this suit is the reservation in the deed from Frances L. Hobbie, Walter S. Hobbie and Isaac R. Hobbie, executed to the Chicago, La Fayette & Cincinnati Railroad Company on the 3d of August, 1885.   It read as follows :

"The said Cincinnati, Lafayette & Chicago Railway Company, its successors and assigns, agree to make and forever maintain for the use and benefit of said Frances L. Hobbie, Walter S. Hobbie and Isaac R. Hobbie, and each of them, their heirs and assigns, and the heirs and assigns of each of them, a good and sufficient farm crossing over and across the land hereby conveyed at a point where said Walter S. Hobbie, Isaac R. Hobbie and Frances L. Hobbie now have a farm crossing over and across said right of way; said farm crossing to be made and maintained as aforesaid, across the land hereby conveyed, and to be an extension and continuation of said farm crossing over and across said right of way."

The record shows that proof was made of all the material facts alleged in the bill and there is no serious dispute over them.

The chief contentions of appellant are that all persons necessarily interested in the subject-matter of the litigation were not made parties to the bill, and that appellant is not a successor of the Cincinnati, Lafayette & Chicago Railroad Company.

Neither Frances L. Hobbie nor Isaac Hobbie were necessary parties to this suit.   They had quit-claimed to appellee all their interest in the southeast quarter of section thirty-three.   Such conveyance carried with it the right to the farm crossing reserved.   The crossing is upon that tract of land.   Consequently, the only party whose rights are affected by the closing of the crossing, is appellee.

Much space is taken by counsel for appellant in his brief upon the contention that appellant is not the successor of the Cincinnati, Lafayette & Chicago Railroad Company, but is merely operating the railroad under an operating contract with that road.   We can not review in detail all the

evidence in the record which confronts and overthrows that contention, but satisfy ourselves with saying that it sufficiently shows that the position of appellant in the operation of the road, the use of the side tracks at the place where the reservation of the deed requires a farm crossing, and the obstruction of the crossing by its rolling stock, is that of successor to such railroad.

It is also argued with great earnestness, that owing to a change in the situation of this property since the reservation was made, and existing circumstances, the erecting and maintaining of this farm crossing would be a great embarrassment to appellant in operating its railroad.

The change in situation consists in the erection of eleven side tracks and other improvements of like character, not due to any action of appellee or either of his immediate grantors, but to the Cincinnati, Lafayette & Chicago Railroad Company and appellant. The matter of inconvenience to appellant in the operation of its road could have but little influence in the decision of the controversy over this reservation. It is not the business of courts to make contracts, but to enforce them.

We are clearly of the opinion that the decree of the Circuit Court should be affirmed.